

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-2009

# Steve Evans v. MAAX KSD Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1627

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Steve Evans v. MAAX KSD Corp" (2009). *2009 Decisions.* Paper 1906.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1906

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-1627

———————

STEVE  EVANS,  Appellant

v.

MAAX-KSD CORPORATION

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 06-CV-02804
District Judge: The Honorable J. Curtis Joyner

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 29, 2009

Before: SCIRICA, *Chief Judge,* AMBRO, and SMITH, *Circuit Judges*

(Filed: February 6, 2009)

———————

OPINION

———————

SMITH, *Circuit Judge.*

After Maax-KSD Corporation terminated Steve Evans' employment, Evans filed a

complaint in the United States District Court for the Eastern District of Pennsylvania.

Evans alleged that Maax-KSD had violated his rights under the Americans with

1

Disabilities Act of 1990 (ADA), 42 U.S.C. § 12112 and § 12203(a), and the Pennsylvania Human Relations Act (PHRA), 43 Pa. Cons. Stat. § 955(a) and (d), by terminating his employment and by retaliating against him for filing a charge of disability discrimination.

Maax-KSD moved for summary judgment after the close of discovery. The District Court granted the motion. It concluded that Evans had failed to establish a prima facie case not only of discrimination, but also retaliation.[1] In addition, the Court observed that even if a prima facie case existed, Evans had failed to adduce any evidence that Maax-KSD's reason for discharging him was a pretext for discrimination or retaliation. Evans appealed.[2]

After a careful review of the record, we agree with the District Court's analysis. Evans did not adduce sufficient evidence to establish that he had a permanent or long term impairment that substantially affected a major life activity, thereby constituting a disability under the ADA. *See Toyota Motor Mfg. v. Williams*, 534 U.S. 184, 198 (2002). Inasmuch as the existence of a disability is a prima facie element of a claim of disability discrimination, Evans' claim of disability discrimination cannot survive summary judgment. *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996).

---

[1] The District Court correctly pointed out that Evans' PHRA claims were governed by the same legal standard as his ADA claims. *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996). For that reason, it did not separately analyze Evans' PHRA claims, but treated them as coextensive. *Id.* We do likewise.

[2] The District Court had federal question jurisdiction under 28 U.S.C. § 1331. We have final order jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. *Turner v. Hershey Chocolate U.S.*, 440 F.3d 604, 611 (3d Cir. 2006).

Nor do we find any error by the District Court in granting summary judgment on Evans' retaliation claims. As the District Court explained, Evans failed to establish that he engaged in protected activity under the Act. In *Fogleman v. Mercy Hospital*, 283 F.3d 561 (3d Cir. 2002), we noted that in order to establish a prima facie case of illegal retaliation in an ADA claim, a plaintiff must show, *inter alia*, that he engaged in protected activity. *Id.* at 567-68. Section 12203(a) provides that this predicate activity may be as a result of opposition to any act or practice made unlawful or "because such individual made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). Although it was Evans' burden to show that he engaged in protected activity, the record established that Maax-KSD had never been served with a charge of discrimination or a request for accommodation prior to terminating Evans' employment. As the District Court pointed out, Evans admitted during his deposition that he had mistakenly believed that a charge had been filed three months before his termination, and that he stated as much to his employer on the day of his termination. In the absence of evidence indicating that a charge of discrimination had actually been filed or that Evans had engaged in protected activity, it was not improper for the District Court to conclude that Evans had failed to establish a prima facie element of his claim of retaliation.

For the above reasons, we will affirm.